**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AIR PRODUCTS AND CHEMICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HELIUM PLUS INC., HELIUM PLUS EAST, INC., PREMIUM HELIUM CORPORATION, and ROBERT BALBI,<br><br>Defendants. | **Civil Action No. 21-14202 (JXN) (CLW)**<br><br>**OPINION** |

**NEALS**, District Judge

This matter comes before the Court on Plaintiff Air Products and Chemicals, Inc.'s ("Plaintiff") motion for default judgment against Defendants Helium Plus Inc. ("Helium Plus") and Helium Plus East, Inc. ("Helium East") (together, the "Helium Defendants"), pursuant to Federal Rule of Civil Procedure 55 (ECF No. 32) (the "Default Motion"). Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391(b), respectively. The Court has carefully considered Plaintiff's submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

For the reasons stated herein, the Default Motion (ECF No. 32) is **GRANTED** against the Helium Defendants as to Count One only in the amended complaint (ECF No. 16) (the "Amended Complaint"). Plaintiff may file documentation to justify the damages sought no later than 30 days from the date of the accompanying Order, or by November 20, 2023. Should Plaintiff not submit the requested documentation, no damages shall be awarded on the Default Motion (ECF No. 32). The Court does not grant Plaintiff damages, attorney fees, or costs.

1

## I.     BACKGROUND[1]

On December 16, 2015, Plaintiff entered an agreement with the Helium Defendants to provide bulk helium to the Helium Defendants for which Plaintiff would send invoices for payment (the "Agreement"). (Am. Compl. ¶¶ 10-11; Ex. A to the Am. Compl.).  In March 2020, the Helium Defendants closed and ceased issuing payment to Plaintiff. (Am. Compl. ¶ 15).  At the time, the Helium Defendants were $890,023.77 in arrears.  (*Id*).  In May 2020, the Helium Defendants resumed operations and Plaintiff agreed to continue supplying bulk helium if the Helium Defendants paid down the $890,023.77, which was reduced to $605,536.40 by November 2020. (Am. Compl. ¶¶ 16-17).  Thereafter, the Helium Defendants again ceased issuing payment and advised Plaintiff that the business was being sold. (Am. Compl. ¶ 18).

On July 27, 2021, Plaintiff filed the six-count Complaint against the Helium Defendants and Premium Helium Corporation ("Premium Helium") stating the following causes of action: (i) (Count One) - breach of contract against the Helium Defendants; (ii) (Count Two) - breach of the duty of good faith and fair dealing against the Helium Defendants; (iii) (Count Three) - successor liability against Premium Helium; (iv) (Count Four) - an alternative claim for conversion against the Helium Defendants and Premium Helium; (v) (Count Five) - an alternative claim for unjust enrichment against the Helium Defendants and Premium Helium; and (vi) (Count Six)[2] - breach of contract against Defendant Robert Balbi.  (Am. Compl. ¶¶ 28-53).

On August 28, 2021, Helium East was served with Plaintiff's Summons and Complaint. (Susan Reiter's October 7, 2022, Declaration (the "Reiter Decl.") (ECF No. 32-1) at ¶ 8).  On September 22, 2021, Helium Plus was served with Plaintiff's Summons and Complaint.  (Reiter

---

[1] The following facts are taken from the Amended Complaint, which the Court accepts as true.
[2] Because the Default Motion is against the Helium Defendants only, the Court neither addresses nor grants default judgment as to Counts Three and Six as they are not pled against the Helium Defendants.

Decl. at ¶ 9).  On October 15, 2021, Plaintiff requested that the Clerk of Court enter default against the Helium Defendants (the "Entry of Default") (ECF No. 7), which was entered on the same date. (ECF Nos. 7, 32).  This matter is now ripe for consideration.

## II.    LEGAL STANDARD

Granting default judgment is at the discretion of the district court. *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535 (D.N.J. 2008) (citation omitted).  In determining whether to "impos[e] the extreme sanction of default," the court determines "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default judgment, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted).  If default is warranted, the court then considers whether the moving party is entitled to damages, if any. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III.    DISCUSSION

### A.    Default Judgment is Granted as to Count One Only Because the Helium Defendants Failed to Answer the Complaint and Plaintiff States a Plausible Claim for Breach of Contract

The Court finds that all factors weigh in favor of granting default judgment against Helium Defendants.  First, the facts alleged in the Amended Complaint provide no indication of a meritorious defense. *See GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10-539, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) (citation and omitted).  Second, Plaintiff has been prejudiced because Helium Defendants failed to timely respond to the Complaint. *See Peterson v. Boyarsky Corp.*, No. 8-1789, 2009 WL 983123, *4 (D.N.J. Apr. 8, 2009).  Third, a "[d]efendant is also presumed culpable where it has failed to answer, move, or otherwise respond." *Slover v. Live Universe, Inc.*, No. 8–02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (citation omitted).  As the Helium

3

Defendants have not timely responded to the Amended Complaint, "the presumption of culpability applies." *See Manin v. Gallagher*, No. 11-1261, 2012 WL 814367, at *3 (D.N.J. Mar. 9, 2012). Because the Court finds all the requisite elements are met, it considers whether Plaintiff pled plausible cause of action against the Helium Defendants. *Chanel, Inc.*, 558 F.Supp.2d at 537 (citation omitted).

In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but . . . need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F.App'x 189, 190 (3d Cir. 2017). The Complaint alleges a claim for breach of contract against the Helium Defendants. To state a claim for breach of contract, Plaintiff must allege: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citation omitted).

In the Amended Complaint, Plaintiff alleges that: (i) it entered into the Agreement with the Helium Defendants; (ii) the Helium Defendants breached the Agreement by "failing to pay [Plaintiff] for the supply of Bulk Helium[;]" (iii) "[a]s a direct and proximate result of" that breach, Plaintiff suffered damages; and (iv) that Plaintiff "complied with all obligations pursuant to the Agreement." (Am. Compl. ¶¶ 29-31). Based on these allegations, the Court is finds that Plaintiff sufficiently alleges a breach of contract claim. Thus, the Court enters default judgment against the Helium Defendants as to Count One[3].

Having determined that the Default Motion is granted as to Count One, the Court considers whether Plaintiff is entitled to damages. On a motion for default judgment, allegations pertaining

---

[3] Because the Court grants Plaintiff default judgment on (Count One), it declines to decide default judgment as to Plaintiff's conversion and unjust enrichment claims (Counts Four and Five), which Plaintiff alleged in the alternative.

to damages are not assumed to be true. *Comdyne I, Inc.*, 908 F.2d at 1149. Indeed, "[w]hen a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally demanded." *Rainey v. Diamond State Port Corp.*, 354 F.App'x 722, 724 (3d Cir. 2009) (citation omitted). This is because the "plaintiff may still be required to prove that he or she is entitled to the damages sought." *Id.* at 724 (citations omitted).

Here, Plaintiff seeks damages in the amount of $605,536.40. (Am. Compl. ¶ 17). In support, Plaintiff submits invoices in the alleged amount of $605,536.40 (the "Air Products AR"), which Plaintiff claims reflects the total amount that the Helium Defendants owe Plaintiff. (Reiter Decl. at ¶¶ 4-6; *see also* Ex. A to the Reiter Decl. (ECF No. 32-1)). However, there is a discrepancy in the amount reflected in the Air Products AR and the amount requested here. In reviewing the Air Products AR, the Court notes that the total amount is $693,489.42, and not Plaintiff's alleged $605,536.40. In addition, because the Court may not assume the allegations in the Amended Complaint as to damages (*see Comdyne I, Inc.*, 908 F.2d at 1149), the Court may not accept as true Plaintiff's claim that before the Helium Defendants sold the business, the Helium Defendants owed Plaintiff $605,536.40 for the bulk helium. (Am. Compl. ¶¶ 16-18). Thus, the Court finds that the damages sought "are not for a sum certain or for a sum which can by computation be made certain . . . ." *Comdyne I, Inc.*, 908 F.2d at 1149 (quoting Fed. R. Civ. P. 55(b)(1)) (internal quotations omitted). Under such circumstances, the Court "may conduct hearings or make referrals . . . to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2)(A)-(D).

Here, the Court finds that a hearing is not necessary. Instead, the Court will permit Plaintiff to "file a statement outlining the damages [it] was seeking and to provide support for those

damages." *Rainey*, 354 F.App'x at 725; *see also Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F.Supp.3d 810, 830 (D.N.J. 2021) ("The Court may order a plaintiff to prove additional clarifying information to justify the damages sought or conduct a hearing to determine the amount of damages owed by the defendant.") (citation omitted). Indeed, while the Court may "fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly" (*see Malik v. Hannah*, 661 F.Supp.2d 485, 493 (D.N.J. 2009) (citation and internal quotations omitted)), the Court will not do so here as it is clear on the face of the Amended Complaint, Default Judgment, and related documentation, that default judgment against the Helium Defendants should be entered in the amount of $605,536.40. Therefore, Plaintiff may submit appropriate proof as to damages. *See Malik*, 661 F.Supp.2d at 490 ("Plaintiff must still offer some proof of damages" on a motion for default judgment) (citations omitted). Additionally, because Plaintiff does not provide any information in support of its request for attorney fees and costs, such request is denied.

### B.   Default Judgment is Denied as to Count Two

"Every contract is deemed to contain" a covenant of good faith and fair dealing. *Durr Mech. Const., Inc. v. PSEG Fossil, LLC*, 516 F.Supp.3d 407, 416-17 (D.N.J. 2021) (citation omitted). That covenant "calls for parties to a contract to refrain from doing anything which will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract." *Bonnieview Homeowners Ass'n v. Woodmont Builders, LLC*, 655 F.Supp.2d 473, 510 (D.N.J. 2009) (citation omitted). The "party claiming a breach of the covenant must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *Id.* at 510 (citation and internal quotations omitted). "Proof of bad motive or intention is essential to a cause of action for breach of the covenant of good faith and fair dealing." *Id.* at 510 (citation

and internal quotations omitted).  In other words, the movant must demonstrate that the breaching party acted in "bad faith" and "with ill motives and without any legitimate purpose" to sustain a claim.  *Id.* at 511 (citations and internal quotations omitted).

Here, Plaintiff alleges that the Helium Defendants "violated" their "duty of good faith and fair dealing by failing, without valid justification or excuse, to carry out its obligation with respect to the Agreement."  (Am. Compl. ¶ 34).  Because the Amended Complaint provides no allegations that suggest that the Helium Defendants acted in "bad faith[,]" had "ill motives[,]" and/or acted "without any legitimate purpose" in failing to allegedly pay Plaintiff for the bulk helium, the Court does not find that default judgment as to Count Two is appropriate.  To be sure, while the Helium Defendants breached the Agreement, the Amended Complaint does not allege that that breach was caused by the Helium Defendants' lack of good faith and fair dealing.  Thus, the Court declines to enter default judgment as to Count Two.

## IV.   CONCLUSION

For the reasons set forth above herein, Plaintiff's Default Motion (ECF No. 32) is **GRANTED** against the Helium Defendants as to Count One only, and the Clerk of Court is directed to enter judgment against the Helium Defendants as to Count One only in the Amended Complaint (ECF No. 16).  Plaintiff may file documentation to justify the damages sought no later than 30 days from the date of the accompanying Order, or by November 20, 2023.  Should Plaintiff not submit the requested documentation, no damages shall be awarded on the Default Motion (ECF No. 32).  The Court does not grant Plaintiff damages, attorney fees, or costs.

DATED: 10/20/2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge